UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA McCORMICK,

    Plaintiff,

v.                                                Case No. 08-CV-10075

ROBERT BRZEZINSKI, et al.,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

Pending before the court is Plaintiff Linda McCormick's "Motion to Compel Defendants to Provide Initial Disclosures; Provide Discovery Responses; Order Sanctions Against Defendants for Non Compliance of the Rules, Dilatory Tactics; and Modify the Scheduling Order," which Plaintiff filed on August 5, 2008. Having reviewed the briefs in the case, the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's motion to compel.

On January 4, 2008, Defendant Judge Brzezinski ordered Plaintiff jailed overnight in the Isabella County jail after Plaintiff allegedly refused to pay a parking ticket. (Pl.'s Compl. ¶¶ 16, 23, 28.) Now Plaintiff alleges Defendants have not timely produced Rule 26(a) initial disclosures or adequately responded to discovery requests. (Pl.'s Mot. at 1.) In addition, Plaintiff moves for an extension of the court's June 27, 2008 Scheduling Order ("Scheduling Order") and for sanctions against Defendants for their alleged failures to disclose. (Pl.'s Mot. at 11.)

> Federal Rule of Civil Procedure 26 states: Except as exempted by Rule 26 (a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; (iii) a computation of each category of damages claimed by the disclosing party . . .; and (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A). The 2000 advisory committee's note also emphasizes that "[a] party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use. The obligation to disclose information the party may use connects directly to the exclusion sanction of Rule 37(c)(1)." Fed. R. Civ. P. 26(a) advisory committee's note.

The court finds that Defendants have complied with both initial disclosure requirements and discovery requests. While Plaintiff argues that Defendants have failed to make timely initial disclosures, as Rule 26 and its accompanying advisory committee's note state, Defendants need only bring forward as initial disclosures those enumerated items which Defendants intend to use in support of a claim or defense. Fed. R. Civ. P. 26(a)(1)(A)(i). Additionally, in regard to initial disclosure of documents, Rule 26 only requires disclosure if the disclosing party has the documents within his control. Fed. R. Civ. P. 26(a)(1)(A)(ii). The court finds that Defendants have made initial disclosure of the items in their possession which they will use to support any

2

claims or defenses.[1]  Plaintiff also argues that Defendants have not filed timely preliminary witness lists and have delayed responses to interrogatories.  However, the court finds that Defendants have filed preliminary witness lists in accord with the Scheduling Order and have answered the interrogatories submitted by Plaintiff.[2]  As a result, there is nothing for the court to compel Defendants to produce.  Plaintiff seeks Defendants' initial disclosures and Defendants' answers to interrogatories, and Plaintiff now possesses both.  The court will deny Plaintiff's motion to compel initial disclosures and discovery requests.

The Plaintiff also asks for sanctions under Federal Rule of Civil Procedure 37 for Defendants alleged failure to timely disclose and respond to discovery requests.  Rule 37 provides for a number of sanctions for parties who fail to comply with various discovery rules.  Nonetheless, because the court has found that Defendants have complied with the discovery rules, any sanctions under Rule 37 are inapplicable.  The court will deny Plaintiff's motion for sanctions.

Finally, Plaintiff moves for an extension of the Scheduling Order by six to eight

---

[1] If circumstances later prove otherwise, the court will take appropriate action at that time.

[2] The court notes that Defendants City of Livonia, Judge Robert G. Brzezinski, Officer Robert Genik, and Officer Ronnie Warra filed their preliminary witness list a day after the deadline.  (Scheduling Order ¶ 3.)  The court also notes, however, that Plaintiff did not comply with the formatting requirements of the Scheduling Order or Federal Rule of Civil Procedure 33(a)(1).  The court reminds all parties that failure to comply with the straightforward language of the Scheduling Order of the Federal Rules of Civil Procedure could result in uncontested facts being deemed admitted or other appropriate sanctions.  Because both Plaintiff and Defendants do appear substantially to comply with the court's Scheduling Order and the Federal Rules of Civil Procedure, the court will exercise the discretion granted by Federal Rule of Civil Procedure 16(f) and not impose any of the harsh sanctions available to the court.

weeks because she alleges Defendants' delay has caused her to fall behind in her case preparation. Yet the court stated in the Scheduling Order: "Extensions of court-supervised discovery are not ordinarily granted in the absence of unusual circumstances. Although unsupervised discovery is sometimes agreed to among counsel, court deadlines are not changed based upon mere agreement." (Scheduling Order ¶ 3.) In addition, Plaintiff has sufficient time to conclude her discovery. The deadline for discovery is currently December 29, 2008. (Scheduling Order ¶ 3.) Therefore, the court will deny Plaintiff's motion to extend the Scheduling Order.

For the reasons stated above, IT IS ORDERED that Plaintiff's "Motion to Compel Defendants to Provide Initial Disclosures; Provide Discovery Responses; Order Sanctions Against Defendants for Non Compliance of the Rules, Dilatory Tactics; and Modify the Scheduling Order" [Dkt. # 34] is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: September 22, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 22, 2008, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522