**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LINDA McCORMICK,

    Plaintiff,

v.                                                                Case No. 08-CV-10075

ROBERT BRZEZINSKI, et al.,

    Defendants.
                                                     /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER, GRANTING DEFENDANTS' MOTION TO COMPEL, GRANTING IN PART AND DENYING IN PART DEFENDANT'S "MOTION TO COMPEL COMPLETE AND MORE SPECIFIC ANSWERS TO INTERROGATORIES . . .," AND STRIKING PLAINTIFF'S "AMENDMENT" AND "OBJECTIONS" FROM THE DOCKET**

Pending before the court is Plaintiff Linda McCormick's "Motion for Protective Order, Motion to expunge record of protected identity and privileged medical information," which Plaintiff filed on September 18, 2008. Also pending before the court are Defendants' "Motion to Compel" and "Motion to Compel Complete and More Specific Answers to Interrogatories, Sign Medical Authorizations or In the Alternative, Entry of a Protective Order for Medical Records, and Allow this Defendant to Disclose the Names of Several Formerly Incarcerated Individuals," both filed October 14, 2008. Having reviewed the briefs in the case, the court concludes a hearing on the motions is unnecessary.[1] See E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court

---

[1] The court notes that Plaintiff has now also filed an "Amendment" and two "Objections" on the docket to Defendants' reply briefs. The court will strike the "Amendment" and "Objections" from the docket as impermissible filings. See E.D. Mich. LR 7.1(f). A party must ask leave of the court before filing additional materials on the docket.

will deny Plaintiff's motion for protective order, grant one of Defendants' motions to compel, and grant in part and deny in part Defendant's other motion to compel.

## I. Plaintiff's Motion for Protective Order

Plaintiff primarily makes two arguments in her motion for protective order. First, she asserts that Defendants Robert B. Brzezinski, Robert Genik, Ronnie Warra, and the City of Livonia ("Defendants Brzezinski, et al.") maliciously included her privileged information[2] in violation of law as Exhibit 3 of Defendants' Response to Plaintiff's August 5, 2008 Motion to Compel ("Exhibit 3"). (Pl.'s Mot. Protective Order at 3.) Second, Plaintiff objects to Defendant Robert Leosh's use of customary discovery methods to obtain Plaintiff's medical history.[3] (Pl.'s Mot. Protective Order at 14.)

Plaintiff presents no legal authority under which this court should issue a protective order regarding either her objection to Exhibit 3 or her objection to disclosure of her medical history. Federal Rule of Civil Procedure 26 states in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an

---

[2] The allegedly privileged information includes photocopies of Plaintiff's February 2, 2007 Freedom of Information Act ("FOIA") request, filed with the Livonia Police Department ("LPD); the sworn affidavit of the LPD's FOIA officer; the LPD's Emergency Dispatch Form; Plaintiff's Booking Report, including Plaintiff's name, address, date of birth, driver's license number, gender, ethnicity, height, weight, eye color, hair color, handedness, employment status, and Plaintiff's arrest circumstances; Plaintiff's Property Intake Form; Plaintiff's fingerprints; Plaintiff's Judgment of Sentence; the invoice for costs associated with Plaintiff's FOIA request; and a photocopy of Plaintiff's driver's license. (8/13/08 Def.'s Resp. Ex. 3.)

[3] Defendants have filed motions to compel Plaintiff, among other things, to provide discovery regarding the information for which Plaintiff seeks a protective order.

2

> order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c)(1). Nowhere in her brief has Plaintiff presented evidence that good cause exists for the court to issue a protective order, nor has she explained why the material for which she seeks the protective order is privileged.

Plaintiff points to Federal Rule of Civil Procedure 5 to complain that Defendants impermissibly filed discovery information as Exhibit 3. *See* Fed. R. Civ. P. 5(d)(1) ("[D]iscovery requests and responses must not be filed until they are used in the proceeding or the court orders filing."). However, Defendants filed Exhibit 3 in response to Plaintiff's Motion to Compel as proof that Plaintiff possessed the requested material and that Defendants were indeed complying with discovery. Such use is within the accepted use of "proceeding" as used in Federal Rule of Civil Procedure 5. *See* Fed. R. Civ. P. 5(d) advisory committee's note. Plaintiff also argues that Defendants should have further redacted portions of Exhibit 3 under Federal Rule of Civil Procedure 5.2. However, only Plaintiff's date of birth falls within the scope of this rule, and its use in Exhibit 3 is an exclusion to the general rule which excepts "official record[s] of a state-court proceeding." Fed. R. Civ. P. 5.2(b).

## II. Defendants' Motions to Compel

Defendants have filed motions to compel regarding Plaintiff's alleged failure to cooperate in the discovery process.[4] Defendants Brzezinski, et al. request the court to

---

[4] Plaintiff repeatedly complains that Defendants do not comply with the Eastern District of Michigan Local Rules, which require parties to seek concurrence. *See* E.D. Mich. LR 7.1(a). However, Plaintiff has made herself unavailable in a number of ways, and it is unlikely she would have concurred given that she had a motion for protective order pending regarding some of the same information which Defendants seek to

3

compel Plaintiff to appear for deposition.  Plaintiff must appear for deposition, once she has received proper notice under Federal Rule of Civil Procedure 30.  *See* Fed. R. Civ. P. 30(b)(1).  The court will accordingly order Plaintiff to appear for deposition.

Defendant Leosh requests the court to compel Plaintiff to answer interrogatories completely; to direct release of the names and contact information of prisoners transported with Plaintiff as part of the incident at issue; and to provide medical history which Plaintiff has put at issue by claiming damages for physical and emotional injuries.

Based on Plaintiff's answers to Defendant Leosh's interrogatories, it appears that Plaintiff has not fully answered all interrogatories.  As discussed above, the information sought by Defendant Leosh is not privileged information.  Under the Federal Rules for Civil Procedure incomplete answers to interrogatories constitute a failure to answer. *See* Fed. R. Civ. P. 37(a)(4).  Therefore, the court will order Plaintiff to answer Defendant Leosh's Interrogatories Numbers One and Three.  Plaintiff claims that the information requested in Interrogatory Number One[5] is privileged; however, this court found above that the information is not privileged when it decided Plaintiff's motion for protective order.  Plaintiff has also not answered Interrogatory Number Three. Defendant Leosh asks Plaintiff to state the "amount of lost income" Plaintiff claims as damages, but Plaintiff only states she has "lost future income and/or diminution of earning capacity."  Plaintiff must state with specificity actual income lost and/or income

---

compel.

[5] Interrogatory One asks Plaintiff to state her name, age, date of birth, current address, former names, marital status, Social Security number, driver's license number, and the names and contact information for Plaintiff's employers over the past five years. (Leosh's Mot. Ex. 1.)

4

forgone. Nevertheless, the court finds that Plaintiff has provided sufficient answers to Interrogatories Numbers Five, Six, and Seven.[6] Plaintiff answers the questions, even if she does not use the formulaic statements which Defendant Leosh seeks.[7]

Next, Defendant Leosh asks the court to allow him to disclose the names and contact information of the prisoners transported with Plaintiff by Defendant Leosh. The court finds this to be a somewhat strange request. Defendant Leosh is essentially requesting that the court order Defendant Leosh himself to disclose the information that he possesses. Despite the uniqueness of this request, there has been no showing of privilege regarding this information, and discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Defendant Leosh currently possesses this information as a witness, and Plaintiff has sought this information as part of discovery. Furthermore, no one has objected to discovery of this information. Therefore, the court will grant Defendant Leosh's request and direct him to disclose the names and contact information of these individuals to Plaintiff.

Finally, given that Plaintiff has put her medical condition at issue in this litigation, Defendants are entitled to discovery regarding Plaintiff's medical condition in order to properly defend this matter. Moreover, both Plaintiff and Defendants have agreed that this court should issue a qualified protective order to allow discovery of relevant medical

---

[6] Plaintiff will nonetheless be limited to use of the information disclosed in her answers to these interrogatories. She cannot later claim damages treated by physicians or other medical personnel whom she did not disclose in her answers to these Interrogatories.

[7] To the extent that Defendants want to further explore Plaintiff's answers to these interrogatories, they may ask them at Plaintiff's deposition.

information pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d, *et seq.* (Pl.'s Resp. to Leosh at 11-12.) Plaintiff is amenable to this mode of discovery regarding her medical information, although she objects to the form of Defendant Leosh's proposed qualified protective order. Plaintiff asks that the court issue a more circumscribed qualified protective order, specifically naming the relevant discoverable medical information. (Pl.'s Resp. to Leosh Ex. E.) HIPAA establishes certain procedures by which confidential medical records may be disclosed. 45 C.F.R. § 164.512. Section (e) outlines three ways to obtain protected health information during a judicial proceeding. One way is for counsel to obtain a court order that allows the health care provider to disclose "only the protected health information expressly authorized by such order." 45 C.F.R. § 164.512(e)(1)(i). The order must preclude the party obtaining the information from using it for purposes other than the litigation and requires that any materials acquired be destroyed or returned to the provider at the end of the litigation. 45 C.F.R. § 164.512(e)(1)(iv). Where a plaintiff has placed his medical condition at issue, a defendant is entitled to review the plaintiff's medical records and conduct ex parte interviews with the plaintiff's treating physicians. The court is persuaded that the parties have agreed to the method of a qualified protective order in compliance with HIPAA for the purpose of exploring Plaintiff's injuries that are relevant to this action. The court will accordingly fashion an order to limit the range of discoverable information to the medical information of Plaintiff relevant to the damages she claims in this case.

## III. Conclusion

For the reasons stated above, IT IS ORDERED that Plaintiff's "Motion for Protective Order, Motion to expunge record of protected identity and privileged medical information" [Dkt. # 39] is DENIED.

IT IS FURTHER ORDERED that the motion to compel, filed by Defendants Brzezinski, et al., [Dkt. # 51] is GRANTED, and Plaintiff is DIRECTED to appear for deposition within **ten days** of the date of this order.

IT IS also ORDERED that Defendant Leosh's motion to compel [Dkt. # 50] is DENIED IN PART AND GRANTED IN PART. It is DENIED as to Interrogatories Numbers Five, Six, and Seven, and it is GRANTED as to the rest of the motion. Plaintiff is DIRECTED to supply the answers to Interrogatories Numbers One and Three within **ten days** of the date of this order. Defendant Leosh is also DIRECTED to disclose the information sought by Plaintiff regarding the other prisoners with whom Plaintiff was transported.

Additionally, IT IS ORDERED that this court authorizes the disclosure and sharing of Plaintiff Linda McCormick's "protected health information" under HIPAA, 42 U.S.C. § 1320d, *et seq.*, and the regulations promulgated thereunder, 45 C.F.R. §§ 160, 164, *et seq.* A separate qualified protective order will issue.

Finally, IT IS ORDERED that Plaintiff's impermissible "Amendment" and "Objections" [Dkt. ## 57, 58, 59] are STRICKEN from the docket.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: November 18, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 18, 2008, by electronic and/or ordinary mail.

                                                  s/Lisa G. Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522