**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

LINDA McCORMICK,

     Plaintiff,

v.                                 Case No. 08-CV-10075

ROBERT BRZEZINSKI, et al.,

     Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S "MOTION FOR REHEARING,"
"MOTION FOR RECONSIDERATION," AND "MOTION
FOR RELIEF AND CLERICAL CORRECTION OF THE DOCKET ENTRY"**

Pending before the court are *pro se* Plaintiff Linda McCormick's (1) "Motion for Rehearing,"[1] (2) "Motion for Reconsideration," and (3) "Motion for Relief and Clerical Correction of the Docket Entry," all filed December 1, 2008. Having reviewed the briefs in the case, the court concludes a hearing on the motions is unnecessary. *See* E.D. Mich. LR 7.1(e). For the reasons stated below, the court will deny each motion.

**I. BACKGROUND**

On January 4, 2008, Defendant Judge Brzezinski ordered Plaintiff jailed overnight in the Isabella County jail after Plaintiff allegedly refused to pay a parking ticket. (Pl.'s Compl. ¶¶ 16, 23, 28.) Plaintiff subsequently initiated the instant lawsuit

---

[1] While Plaintiff labels her motion as a motion for rehearing, the court construes it as a motion for reconsideration and addresses it accordingly. Indeed, Plaintiff herself uses the standard for reconsideration in her supporting brief.

against Defendants Robert B. Brzezinski, Robert Genik, Ronnie Warra, the City of Livonia ("Defendants Brzezinski, et al."), and Defendant Robert Leosh.

On November 18, 2008, this court (1) denied Plaintiff's motion for protective order, (2) denied Plaintiff's motion to expunge the record of certain personal information,[2] (3) ordered Plaintiff to more fully answer Defendant Leosh's interrogatories, (4) ordered Plaintiff to appear for deposition, and (5) provided for a protective order regarding Plaintiff's medical information.  (11/18/08 Order.)  Now Plaintiff seeks to challenge the court's November 18, 2008 order by arguing that the court (1) failed to protect Plaintiff's personal information, including her social security number, (2) failed to remove other personal information from the court's docket, and (3) neglected to consider Plaintiff's reply to a motion that the court denied in its November 18, 2008 order.

## II.  STANDARD

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR

---

[2] The personal information includes photocopies of Plaintiff's February 2, 2007 Freedom of Information Act ("FOIA") request, filed with the Livonia Police Department ("LPD"); the sworn affidavit of the LPD's FOIA officer; the LPD's Emergency Dispatch Form; Plaintiff's Booking Report, including Plaintiff's name, address, date of birth, driver's license number, gender, ethnicity, height, weight, eye color, hair color, handedness, employment status, and Plaintiff's arrest circumstances; Plaintiff's Property Intake Form; Plaintiff's fingerprints; Plaintiff's Judgment of Sentence; the invoice for costs associated with Plaintiff's FOIA request; and a photocopy of Plaintiff's driver's license.  (8/13/08 Def.'s Resp. Ex. 3.)

7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich. 1997).

### III.  DISCUSSION

### A.  Motion for Rehearing

In her "Motion for Rehearing," which the court construes as a motion for reconsideration, the Plaintiff contends that a palpable defect misled the court in the court's November 18, 2008 order.  (Pl.'s Mot. Reh'g at 1.)  Plaintiff argues that the court improperly granted Defendant Leosh's motion to compel requiring Plaintiff to answer an interrogatory regarding her social security number.  (Pl.'s Mot. Reh'g at 1-2.)  In support of her contention, Plaintiff argues that Defendant Leosh does not need this information and that her social security number is privileged under the Drivers Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721, 2725.  (Pl.'s Mot. Reh'g at 2-3.)

Despite Plaintiff's conclusory allegations of "palpable defect," she has failed to show one.  The cases and statutes which Plaintiff cites only speak in generalities regarding privileged information or are inapplicable to Plaintiff's case.  In particular, the DPPA governs only the information which a state's department of motor vehicles is prohibited from releasing, including an individual's social security number, in connection with a motor vehicle record.  18 U.S.C. § 2721(a).  Defendant Leosh merely requested

3

Plaintiff provide him with this information via an interrogatory.  This statute is inapplicable to Plaintiff's circumstances.  As Plaintiff has not demonstrated the existence of any "palpable defect by which the court and the parties have been misled," E.D. Mich. LR 7.1(g)(3), regarding the court's order for her to answer Defendant Leosh's interrogatory, the court will deny Plaintiff's motion for rehearing.

## B.  Motion for Reconsideration

In her "Motion for Reconsideration," also directed at the court's November 18, 2008 order, Plaintiff asks the court to reverse its denial of Plaintiff's motion for a protective order and to remove from the docket an exhibit which was attached to Defendant Leosh's response to Plaintiff's August 5, 2008 motion to compel ("Exhibit 3").  Exhibit 3 disclosed certain personal information of Plaintiff's, including her fingerprints, date of birth, physical description, and driver's license number.[3]  (Pl.'s Mot. Reconsideration at 2.)  Plaintiff alleges that her reply to docket entry thirty-nine, which the court decided in its November 18, 2008 order, was mislabeled as a reply to docket entry thirty-four by clerical error when it was docketed.[4] She further alleges that the fact that the court did not know to consider the reply in its November 18, 2008 order constitutes a "palpable defect by which the court and the parties [were] misled."  E.D. Mich. LR 7.1(g)(3).  Plaintiff contends that the reply would have shown that (1) her personal information was illegally taken from her; (2) Defendants filed Exhibit 3 to publicly ridicule her; (3) the Fourteenth Amendment to the United States protects her

---

[3]  *See supra* note 2 for the information contained in Exhibit 3.

[4]  Plaintiff attaches the intended reply to her motion for reconsideration as Exhibit A.

4

against disclosure of information contained in Exhibit 3; (4) the DPPA protects Plaintiff against the disclosure of information contained in Exhibit 3; and (5) Defendants filed Exhibit 3 in violation of the Federal Rules of Civil Procedure and Local Rules.

Plaintiff has not demonstrated a "palpable defect," the correcting of which would "result in a different disposition" of the court's November 18, 2008 order regarding her motion for protective order and to remove Exhibit 3 from the record.  First, according to the Local Rules, a reply is merely permissive; a party need not file a reply.  *See* E.D. Mich. LR 7.1(d)(2)(C).  Even considering the information contained therein and in the instant motion, Plaintiff has not now shown the existence of a "palpable defect," one which is "'obvious, clear, unmistakable, manifest, or plain.'"  *Lockett*, 328 F. Supp. 2d at 684 (citing *Cican,* 156 F. Supp. 2d at 668).  Rather, she provides new iterations of her previous arguments that Defendants filed Exhibit 3 for malicious purposes and in violation of Plaintiff's constitutional and other legal rights.  When a motion for reconsideration presents only issues which the court has already expressly or impliedly ruled upon, the motion will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski,* 967 F. Supp. at 952.

The only new argument which Plaintiff raises is that the DPPA bars the disclosure of her driver's license number.  (Pl.'s Mot. Reconsideration at 3.)  However, as discussed above, the DPPA proscribes only a "[s]tate department of motor vehicles, and any officer, employee, or contractor thereof," from knowingly disclosing "personal information . . . about any individual obtained by the department in connection with a motor vehicle record."  18 U.S.C. § 2721(a).  The information in Exhibit 3 was not obtained "in connection with a motor vehicle record" but in response to a Freedom of

5

Information Act ("FOIA") request by Plaintiff regarding police reports or records. (8/13/08 Def.'s Resp. Ex. 3.)  Therefore, the DPPA does not apply.  Because Plaintiff has not demonstrated a "palpable defect" by which the court was misled, and the correction of which would "result in a different disposition of the case," E.D. Mich. LR 7.1(g)(3), the court will deny Plaintiff's motion for reconsideration.[5]

## C.  Motion for Relief and Clerical Correction

In her "Motion for Relief and Clerical Correction of the Docket Entry," Plaintiff requests the court to correct a clerical error which mislabeled her reply to docket entry thirty-nine as a reply to docket entry thirty-four.[6]  However, no prejudice resulted from this error.  The court has already denied docket entry thirty-nine, a motion for protective order.  (11/18/08 Order.)  In addition, as discussed above, a reply is merely permissive and not mandatory in any case.  *See* E.D. Mich. LR 7.1(d)(2)(C).  Therefore, the court will deny Plaintiff's instant motion as moot.  To the extent that Plaintiff's instant motion is a motion for reconsideration of the court's November 18, 2008 order, Plaintiff did in fact file a motion for reconsideration regarding the mislabeling of her reply, and the court discussed that motion above.

---

[5] Nonetheless, the court will order the clerk of court to seal Exhibit 3, pursuant to Federal Rule of Civil Procedure 5.2(d).  A separate order will issue.

[6] Plaintiff also requests the court to correct her own error in entitling the reply as one in answer to a "motion to compel," rather than the correct "motion for protective order."  (Pl.'s Mot. Relief at 2.)  However, this error had no effect on the court's consideration of the brief, and the court will therefore deny Plaintiff's motion regarding this issue.

2:08-cv-10075-RHC-SDP   Doc # 85   Filed 01/23/09   Pg 7 of 7   Pg ID 675

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Motion for Rehearing" [Dkt. # 63], which the court construed as a motion for reconsideration, is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Reconsideration" [Dkt. # 64] is DENIED.

Finally, IT IS ORDERED that Plaintiff's "Motion for Relief and Clerical Correction of the Docket Entry" [Dkt. # 65] is DENIED as moot.


                       s/Robert H. Cleland
                       ROBERT H. CLELAND
                       UNITED STATES DISTRICT JUDGE

Dated:  January 23, 2009


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 23, 2009, by electronic and/or ordinary mail.


                       s/Lisa G. Wagner
                       Case Manager and Deputy Clerk
                       (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\08-10075.McCORMICK.Motions.for.Reconsideration.and.Rehearing.ljd.wpd