UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA McCORMICK,

    Plaintiff,

v.                                      Case No. 08-CV-10075

ROBERT BRZEZINSKI, et al.,

    Defendant.
                                         /

**OPINION AND ORDER DENYING PLAINTIFF'S "MOTION FOR REHEARING REGARDING MOTION TO COMPEL ANSWERS TO INTERROGATORIES" AND DENYING PLAINTIFF'S "MOTION FOR REHEARING RE: ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER"**

Before the court are two motions filed by Plaintiff Linda McCormick on February 23, 2009. The first is a "Motion for Rehearing Regarding Motion to Compel Answers to Interrogatories," and the second is a "Motion for Rehearing Re: Order Denying Plaintiff's Motion for Protective Order." Both motions were filed in response to orders the court issued following a February 10, 2009 hearing regarding several discovery motions and motions for sanctions filed by the parties in this case. No response or hearing is required on the motions for rehearing. *See* E.D. Mich. LR 7.1(g)(2). For the reasons stated below, the court will deny both motions.

**I. STANDARD**

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for rehearing or reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that

"correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for rehearing or reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## II.  DISCUSSION

### A.  "Motion for Rehearing Regarding Motion to Compel Answers to Interrogatories"

In her first motion, Plaintiff requests a rehearing regarding her motion to compel answers to interrogatories [Dkt. # 97], which motion Plaintiff first filed on February 10, 2009.  Plaintiff served the interrogatories at issue on Defendant City of Livonia on November 30, 2008.  Answers were therefore due on or about the discovery deadline, December 29, 2008.  The court denied Plaintiff's motion to compel answers to interrogatories because discovery had long since closed, and Plaintiff did not diligently pursue her February 10, 2009 motion.  Plaintiff now argues that because the answers to interrogatories were due before the discovery deadline, and Defendant City of Livonia did not provide answers, the court committed a "palpable error" when it did not order Defendant City of Livonia to provide answers.  [Dkt. # 100.]  Plaintiff argues that the court should therefore grant Plaintiff a rehearing on the issue.

The court will not grant Plaintiff a rehearing on this issue because Plaintiff has not made the necessary showing for doing so.  Plaintiff presents a merely conclusory allegation that she "believes palpable error was committed." [Dkt. # 100.] However, as the court previously held, Plaintiff was not diligent in pursuing her motion to compel answers to interrogatories, and the court will not alter its decision simply because Plaintiff has filed another motion on the matter.[1]  Nor has Plaintiff even made any allegation regarding the second requirement for a motion for rehearing: that the correction of the alleged "palpable defect" would result in a different disposition of the case.  Plaintiff has not demonstrated that a "palpable defect" existed in the court's previous order, the correction of which would result in a different disposition of the case. *See* E.D. Mich. LR 7.1(g)(3).  The court will therefore deny Plaintiff's motion for rehearing.

### B.   "Motion for Rehearing Re: Order Denying Plaintiff's Motion for Protective Order"

In her second motion, Plaintiff primarily attempts to reargue the court's February 11, 2009 Order regarding the February 10, 2009 hearing.  Plaintiff alleges that she has suffered from Defendants' unwillingness to provide discovery and that Defendants have taken advantage of Plaintiff's status as a *pro se* litigant. [Dkt. # 101 at 2.]

Plaintiff, however, presents only allegations of "palpable defect" with no argument as to how the court's decision in the February 11, 2009 Order [Dtk. # 95] actually constitutes a "palpable defect."  Plaintiff reiterates the same arguments that she has

---

[1] Furthermore, Plaintiff's discovery request, "for example, policies of the City which the Plaintiff cannot give an affidavit upon," appears to the court nonsensical. [Dkt. # 100.]

3

previously presented both in her briefs and during the February 10, 2009 hearing the court held on the matter. Indeed, the court has considered many of Plaintiff's arguments on several previous occasions. Because the court has already considered and rejected Plaintiff's arguments, the court will not grant a motion for rehearing. *See* E.D. Mich. LR 7.1(g)(3); *Czajkowski,* 967 F. Supp. at 952 (E.D. Mich. 1997). Nor has Plaintiff demonstrated how a correction of the alleged "palpable defect" would result in a different disposition of the case; Plaintiff only asserts that this would be true. Because Plaintiff has not shown that a palpable defect exists, the correction of which would result in a different disposition of the case, the court will deny Plaintiff's motion for rehearing. *See* E.D. Mich. LR 7.1(g)(3).

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Motion for Rehearing Regarding Motion to Compel Answers to Interrogatories" [Dkt. # 100] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Rehearing Re: Order Denying Plaintiff's Motion for Protective Order" [Dkt. # 101] is DENIED.

                                                         s/Robert H. Cleland  
                                                         ROBERT H. CLELAND  
                                                         UNITED STATES DISTRICT JUDGE

Dated: March 10, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 10, 2009, by electronic and/or ordinary mail.

                                                         s/Lisa G. Wagner  
                                                         Case Manager and Deputy Clerk  
                                                         (313) 234-5522