**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LINDA McCORMICK,

    Plaintiff,

v.    Case No. 08-CV-10075

ROBERT BRZEZINSKI, et al.,

    Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
"MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT"**

Pending before the court in this broadly-pled *pro se* civil rights case is a "Motion to Dismiss and/or for Summary Judgment," filed February 3, 2009 by Defendants Robert B. Brzezinski, Robert Genik, Ronnie Warra, and the City of Livonia ("Defendants Brzezinski, et al.").[1]  The matter has been fully briefed, and the court concludes a hearing on the motion is unnecessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the court will grant the motion of Defendants Brzezinski, et al.

**I. BACKGROUND**

On January 4, 2008, Defendant Robert B. Brzezinski, a judge of a Michigan district court, believing that Plaintiff had refused to pay a $65.00 handicap parking violation (Pl.'s Compl. ¶ 18, Ex. B at 17-18), ordered Plaintiff detained and jailed overnight in the Isabella County jail (Pl.'s Compl. ¶¶ 16, 23, 28).  Plaintiff alleges that she had appealed the violation, but that on December 21, 2004, while her appeal was

---

[1] Also pending before the court is Defendant Robert Leosh's "Motion for Summary Judgment," filed January 30, 2009.  This order does not resolve Defendant Leosh's motion, and the court will accordingly schedule a hearing on the matter.

pending, Defendant Brzezinski (not the district court judge issuing the fine) issued an order to show cause why the court should not hold Plaintiff in criminal contempt for failing to pay the fine. (*Id.* ¶¶ 22, 25, Ex. C.) Plaintiff claims that Brzezinski was without jurisdiction to impose criminal penalties for what Plaintiff alleges is a non-jailable offense because he had earlier disqualified himself from hearing the case. (*Id.* ¶¶ 18, 25, 27.) Brzezinski eventually ordered Defendant Genik to take Plaintiff into custody because she would not pay the fine. (*Id.* ¶ 33.) Genik did so. (*Id.*) Defendant Warra then booked Plaintiff into custody at the City of Livonia jail. (*Id.* ¶ 35.) Plaintiff alleges that Warra verbally abused her, illegally took her mug shot and fingerprints, and used excessive force in taking her fingerprints. (*Id.* ¶¶ 33-39.) Plaintiff subsequently filed this suit against Defendants Brzezinski, Genik, Warra, the City of Livonia, and Leosh, pursuant to 42 U.S.C. § 1983 for violation of her First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. (*Id.* ¶ 1.)

Plaintiff's complaint enumerates the following counts:

Count I: Section 1983 claim against Defendants for intentional violation of Plaintiff's rights pursuant to the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. (*Id.* ¶¶ 46-47.)

Count II: Section 1983 claim against Defendants Brzezinski, Genik, Warra, and the City of Livonia for intentionally depriving Plaintiff's right to due process by jailing her for a parking offense. (*Id.* ¶¶ 48-54.)

Count II[I]: Section 1983 claim against Defendants Brzezinski, Genik, Warra, and the City of Livonia, through its policies, for intentionally depriving Plaintiff's rights, under the Fifth and Fourteenth Amendments, to due process at the show cause hearing by not allowing Plaintiff to plead not guilty, not giving Plaintiff counsel, charging Plaintiff with a false crime, and falsifying documents. (*Id.* ¶¶ 55-59.)

Count I[V]: Section 1983 claim against Defendants Brzezinski, Genik, Warra, and City of Livonia, through its policies, for intentionally violating Plaintiff's Eighth

|  |  |
|---|---|
|  | Amendment right to be free from cruel and unusual punishment because Defendants jailed Plaintiff for a parking offense, and Plaintiff was not given food, water, or heat, suffered physical and verbal abuse, and was jailed in a facility several counties from her county of conviction.  (*Id.* ¶¶ 60-64.) |
| Count []V: | Section 1983 claim against Defendants Brzezinski and the City of Livornia, through its policies, for not informing Plaintiff of her Sixth Amendment right to counsel, subjecting her to double jeopardy, depriving her of due process.  (*Id.* ¶¶ 65-70.) |
| Count V[I]: | Section 1983 claim against Defendants Brzezinski and the City of Livonia, through its policies, for intentionally violating Plaintiff's Fourteenth Amendment right to equal protection of the laws by singling her out under a false charge and a lack of due process.  (*Id.* ¶¶ 71-75.) |
| Count VI[I]: | Section 1983 claim against Defendants Brzezinski, Genik, Warra, City of Livonia, through its policies, and Leosh for intentionally violating Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.  In particular, Defendant Warra put acid on Plaintiff's fingers and smashed them onto a fingerprint reader; Defendant Leosh body slammed Plaintiff into a van and was indifferent to her medical needs.  (*Id.* ¶¶ 76-85.) |
| Count VII[I]: | Defendants Brzezinski and Genik conspired to violate Plaintiff's statutory and constitutional rights by depriving her of due process in retaliation for a lawsuit Plaintiff had previously filed against Defendant City of Livonia.  (*Id.* ¶¶ 86-90.) |

Plaintiff seeks the following relief: (1) prospective injunctive relief in the form of the return of her fingerprints and mug shots; (2) prospective injunctive relief to expunge all court documents and criminal records relating to her parking ticket; (3) an injunction against Defendants so that they make no more false records, retaliate, or otherwise deprive Plaintiff of her constitutional rights; (4) declaratory relief that her imprisonment was illegal and without jurisdiction; (5) compensatory damages; (6) exemplary damages; (7) punitive damages; (8) costs and attorney fees; and (9) any other appropriate relief.  (*Id.* at 17-18.)

## II.  STANDARD

3

## A. Motion to Dismiss[2]

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, viewing all facts and inferences in a light most favorable to the plaintiff, it is evident that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995). When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Lepard v. NBD Bank*, 384 F.3d 232, 235 (6th Cir. 2004) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).

---

[2] Defendants Brzezinski, Genik, Warra, and the City of Livonia have argued almost exclusively immunity defenses in their brief – successfully, as will be shown below – but the court is mystified as to why Defendants did not bring a motion to dismiss far earlier, before discovery began. The Supreme Court has stated that "the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure" that certain claims against government officials would be resolved "prior to discovery." *Pearson v. Callahan*, – U.S. – , 129 S. Ct. 808, 815 (2009).

Though decidedly generous, this standard of review requires more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). The complaint should give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Petty v. County of Franklin*, 478 F.3d 341, 345 (6th Cir. 2007) (citations omitted). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard*, 76 F.3d at 726 (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

### B. Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*,

5

342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material. *See id.* at 252 (emphasis and alteration in original) (citation omitted) ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'"). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

### III. DISCUSSION

#### A. Defendant Brzezinski

The law entitles judges to absolute immunity from suits arising out of a judge's performance of judicial functions.[3]  *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)).  Specifically, "[s]tate judges are absolutely immune from liability under 42 U.S.C. § 1983."  *Brookings*, 389 F.3d at 617 (citing *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983)).  Indeed, absolute judicial immunity applies even

> when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.

*Pierson v. Ray*, 386 U.S. 547, 554 (1967) (internal quotations omitted).  Nor does error on the part of the judge or actions in excess of his authority defeat absolute judicial immunity.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).  Only when a judge acts in a "nonjudicial manner" or in "clear absence of all jurisdiction" will the judge be subject to liability.  *Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).

---

[3]Plaintiff avers that absolute judicial immunity does not apply to equitable relief. (Pl.'s Resp. at 2.)  However, Congress has explicitly exempted judicial officers liability for equitable relief under § 1983: "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 28 U.S.C. § 1983.  Congress also stated in § 1988, that, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity[,] such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction." 42 U.S.C. § 1988(b).  Therefore, a plaintiff cannot recover either costs or attorney fees from a judicial officer immune from suit.  42 U.S.C. § 1988(b).

7

Whether an act is done in a judicial capacity, depends on two factors: (1) whether the act is normally performed by a judge, and (2) whether the parties interacted with the judge in his judicial capacity. *Barnes*, 105 F.3d at 1116. Furthermore,

> [t]he term 'jurisdiction' is to be broadly construed to effectuate the purposes of judicial immunity. Acts done 'in the clear absence of jurisdiction,' for which no immunity is afforded, should be distinguished from actions in 'excess of jurisdiction,' which fall within the ambit of immunity protection. Thus, for example, a criminal court judge would be immune from liability for convicting a defendant of a nonexistent crime, an act taken in excess of his jurisdiction, whereas a probate court judge would not be immune from liability if he tried a criminal case because he clearly lacked all subject matter jurisdiction.

*Barnes*, 105 F.3d at 1122 (internal citations omitted).

Taking all of Plaintiff's allegations regarding Defendant Brzezinski as true, Defendant Brzezinski is nonetheless entitled to absolute judicial immunity, and the court will dismiss Plaintiff's claims against him. Plaintiff primarily alleges that Defendant Brzezinski violated her constitutional rights by holding a criminal contempt hearing without jurisdiction and sentencing her to jail pursuant to a false charge. However, even maliciousness, corrupt behavior, errors, or actions taken in excess of authority will not defeat absolute judicial immunity. *Stump*, 435 U.S. at 356.

Defendant Brzezinski is immune from suit for any constitutional violation unless he acted outside his judicial capacity or in complete absence of jurisdiction. *Barnes*, 105 F.3d at 1115-16. Plaintiff alleges that Defendant Brzezinski undertook a non-judicial prosecutorial act by issuing an order to show cause and subsequently finding Plaintiff guilty of criminal contempt, but such actions were not done outside Defendant Brzezinski's judicial capacity. *See Barnes*, 105 F.3d at 1116. Orders to show cause are regularly issued by judges acting in their judicial capacity. *See id.* Orders to show

cause and the imposition of corresponding penalties constitute ordinary tools of the judiciary to inquire when a party to a case has not performed some act the party was required to have done; in Plaintiff's case, Defendant Brzezinski issued the order to show cause why Plaintiff had not paid the fine she had previously been sentenced to pay. (Pl.'s Resp. Ex. D.) In addition, Plaintiff "interacted" with Defendant Brzezinski "in his capacity as a judge" when he ordered her to either pay her fine or spend two days in jail. *See Barnes*, 105 F.3d at 1116. Defendant Brzezinski's actions did not constitute the abandoning of a judicial role or assuming a prosecutorial role.

Plaintiff further argues that Defendant Brzezinski acted "in the clear absence of jurisdiction," but she presents no facts or authority to support this statement other than alleging that Defendant Brzezinski had previously disqualified himself from hearing the case. (Pl.'s Resp. Br. at C.) Even if Defendant had convicted Plaintiff of a nonexistent or falsely charged crime, absolute judicial immunity still applies. *Barnes*, 105 F.3d at 1122 (internal citations omitted) ("[A] criminal court judge would be immune from liability for convicting a defendant of a nonexistent crime."). Therefore, the court will grant Defendants' motion to dismiss with respect to Defendant Brzezinski and Plaintiff's constitutional claims against him.[4]

### B. Defendant Genik

Absolute judicial immunity also extends to non-judicial officers who perform "quasi-judicial" duties. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Accordingly,

---

[4] Absolute judicial immunity shields Defendant Brzezinski from liability under § 1983 not only for constitutional violations but also from Plaintiff's retaliation claim, *Clemons v. Cook*, 52 F. App'x 762, (6th Cir. 2002), and Plaintiff's claim for conspiracy to violate her civil rights, *McDonald v. Lawhorn*, 98 F. App'x 358, 360 (6th Cir. 2004).

"quasi-judicial immunity" shields from liability "those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* (citing *Scuggs v. Moellering*, 870 F.2d 347 (7th Cir. 1989)). Therefore, to determine who is entitled to immunity as a quasi-judicial officer, courts look to "the nature of the function performed, not the identify of the actor who performed it." *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996) (internal quotation marks omitted). Particularly, the Sixth Circuit has found that "enforcing an order of the court is intrinsically associated with the judicial process." *Johns v. Bonnyman*, 109 F. App'x 19, 21 (6th Cir. 2004) (citing *Rauch*, 38 F.3d at 847).

Plaintiff argues that Defendant Genik is subject to § 1983 liability for his role in observing the show cause hearing and taking Plaintiff into custody upon Defendant Brzezinski's order. However, this action constitutes just the sort of conduct protected by quasi-judicial immunity because Defendant Genik was "enforcing an order of the court." *See Johns*, 109 F. App'x at 21. Therefore, Defendant Genik is immune from suit under § 1983 on the basis of quasi-judicial immunity.

Plaintiff also argues that Defendant Genik should be afforded no immunity because no quasi-judicial immunity can be found where no absolute judicial immunity first exists. (Pl.'s Resp. at 8-9.) However, because the court has found that Defendant Brzezinski is entitled to absolute judicial immunity, Plaintiff's argument fails. Accordingly, the court will dismiss Plaintiff's complaint against Defendant Genik.[5]

---

[5] Absolute judicial immunity also shields Defendant Genik from liability under § 1983 not only for constitutional violations but also from Plaintiff's retaliation claim, *Clemons v. Cook*, 52 F. App'x 762, (6th Cir. 2002), and Plaintiff's claim for conspiracy to violate her civil rights, *McDonald v. Lawhorn*, 98 F. App'x 358, 360 (6th Cir. 2004).

### C. Defendant Warra

Defendant Warra argues that qualified immunity shields him from any liability pursuant to § 1983. Qualified immunity "involves a two-fold inquiry: First, '[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? . . . [T]he next, sequential step is to ask whether the right was clearly established.'" *Barber v. Overton*, 496 F.3d 449, 453 (6th Cir. 2007) (quoting *Saucier v. Katz*, 553 U.S. 194, 201 (2001)). Pursuant to *Pearson v. Callahan*, – U.S. – , 129 S. Ct. 808, 818 (2009), a court may address either of these steps first. *Id.* (holding that it is not mandatory to first address the whether a constitutional right was violated before considering whether the constitutional right was clearly established, but that it is often beneficial to consider these elements in this order). Finally, the individual asserting the defense bears the burden of demonstrating that "the challenged act was objectively reasonable in light of the law existing at the time." *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009) (citing *Tucker v. City of Richmond*, 388 F.3d 216, 219 (6th Cir. 2004)).

Plaintiff's complaint against Defendant Warra alleges that Defendant Warra violated her constitutional rights[6] because he: (1) verbally mocked Plaintiff (Pl.'s Compl. ¶ 35), (2) took Plaintiff's mug shot subsequent to an illegal arrest (*Id.* ¶ 36), (3) took Plaintiff's fingerprints subsequent to an illegal arrest (*Id.* ¶ 36), (4) required Plaintiff to put

---

[6]Plaintiff does not consistently distinguish which constitutional rights she alleges Defendant Warra violated. Most of her claims apparently arise based on her allegation that her custody constituted an illegal arrest, that Defendant Warra's conduct violated the Eighth Amendment's prohibition on cruel and unusual punishment, or that certain actions violated her substantive due process rights.

a lotion "containing at least three acids on her hands" to facilitate the taking of her fingerprints (*Id.* ¶ 37), (5) "forcibly pushed down on her hands causing her to cry out in pain and would not release them" while taking Plaintiff's fingerprints (*Id.* ¶ 37), (6) told fellow officers that Plaintiff deserved ill treatment (*Id.* ¶ 39), and (6) wrote about Plaintiff on her booking papers, "mental problems, uncooperative" (*Id.* ¶ 39).

To state a claim under § 1983, a plaintiff must plead: (1) conduct by a person, (2) acting under color of state law, (3) proximately causing, (4) a deprivation of a federally protected right. *Monnell v. Dep't of Social Serv.*, 436 U.S. 658, 692 (1978).[7] Whether a constitutional right is clearly established means that "'[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Wilson v. Layne*, 526 U.S. 603, 615 (1999) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

---

[7]Defendant argues that no claim for a false conviction can be made under § 1983 unless the sentence has already been invalidated. *Heck v. Humphrey*, 215 U.S. 477, 486-87 (1994) ("[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). However, the Sixth Circuit has held that this rule does not apply if a plaintiff is incarcerated for such a brief period that the plaintiff cannot petition for relief pursuant to § 2254. *Powers v. Hamilton County Public Defender Comm'n*, 501 F.3d 592, 603 (6th Cir. 2007). Because Plaintiff was incarcerated only one night, the *Heck* rule does not apply to limit Plaintiff's § 1983 action.

Plaintiff first alleges that Defendant Warra violated her constitutional rights by verbally harassing her and for recording statements on her booking papers; however, verbal or written statements such as these, even if they constitute "harassment," do not constitute cruel and unusual punishment. *Miller v. Wertanen*, 109 F. App'x 64, 65 (2004) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)). Therefore, Plaintiff has not stated a § 1983 claim by Defendant Warra as to this allegation.

Second, Defendant Warra took mug shots taken and fingerprinted Plaintiff after taking custody of Plaintiff from Defendant Genik. To the extent that Plaintiff argues that in doing so Defendant Warra participated in an illegal arrest of Plaintiff, Plaintiff must show that the arresting officer lacked probable cause to arrest her. *See Parsons v. City of Pontiac*, 533 F.3d 492, 493 (6th Cir. 2008) (citing *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002)). However, Defendant Genik was the one to take Plaintiff into custody upon Defendant Brzezinski's order. Following this, Defendant Genik delivered Plaintiff into the custody of the City of Livonia jail, where Defendant Warra was responsible for booking Plaintiff. Plaintiff has not shown that either Defendant Genik or Warra lacked probable cause, and consequently she has not stated a claim against Defendant Warra for an illegal arrest. *See Parsons*, 533 F.3d at 493 (citing *Fridley*, 291 F.3d at 872).

To the extent that Plaintiff alleges that the fingerprinting constituted a violation of her Eighth Amendment right to be free from cruel and unusual punishment, Plaintiff must show that Defendant Warra's actions exhibited "the unnecessary and wanton infliction of pain." *Hudson v. McMillan*, 503 U.S. 1, 5 (1992) (internal quotation marks omitted). Furthermore, Plaintiff must show that more than *de minimis* force was applied. *Leary v.*

13

*Livingston County*, 528 F.3d 438, 443 (6th Cir. 2008) (citing *Hudson*, 503 U.S. at 9-10). Plaintiff does not allege the "acid" contained in the lotion used to facilitate the fingerprinting process caused any injury. As Plaintiff does not even allege any pain from the use of the "acid," she has not stated a claim for cruel and unusual punishment for the use of any "acid." *See Hudson*, 503 U.S. at 5. At most, Plaintiff alleges that Defendant Warra pushed down hard on her hand so that the fingerprint reader could identify the proper image and that she "cried out in pain" as a result. Plaintiff herself admits that the fingerprint reader did not appear to be functioning very well; exerting some force in order to achieve an accurate fingerprint would not be unnecessary. Furthermore, not every push, shove, or other use of force, not even every injury caused by a law enforcement officer, constitutes excessive force. Indeed, Plaintiff does not allege more than momentary pain and has not shown that Defendant Warra's actions constituted more than *de minimis* force. *See Corsetti v. Tessmer*, 41 F. App'x 753, 755-56 (6th Cir. 2002) (finding two small bruises and minor cuts that did not require medical attention to be clearly *de minimis* use of force); *El v. Ordiway*, 198 F.3d 244, 1999 WL 993891, *1 (6th Cir. Oct. 20, 1999) ("Not every push or shove rises to the level of a constitutional violation.").

To the extent that Plaintiff alleges any substantive due process violation against Defendant Warra, an individual in custody "does not have a right to keep her mug shot and the information contained in a police report outside of the public domain." *Bailey v. City of Port Huron*, 507 F.3d 364, 368 (6th Cir. 2007) (finding no substantive due process privacy with respect to a mug shot). There is no broad right protecting personal information such as an individual's social security number or birthday, unless a plaintiff

14

has "a reason to fear retaliation from persons to whom it was disclosed." *Barber*, 496 F.3d at 456. Because Plaintiff has failed to state a claim for a § 1983 action against Defendant Warra, the court will dismiss Plaintiff's claims against Defendant Warra and need not reach the issue of qualified immunity.

### D.  Defendant City of Livonia

A plaintiff who states a claim for § 1983 liability, in the form of monetary, declaratory, or injunctive relief, against a municipality must show that the violation of the plaintiff's constitutional rights was the result of a municipal "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Moniz v. Hines*, 92 F. App'x 208, 211 (6th Cir. 2004). In addition, Plaintiff must show a "causal connection between [the] policy and the allegedly unconstitutional conduct." *Marbry v. Corr. Med. Servs.*, 238 F.3d 422, 2000 WL 1720959, *2 (6th Cir. Dec. 28, 1999) (citing *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982)). Other than Plaintiff's conclusory allegations that it was the policy of Defendant City of Livonia that caused the actions of Defendants Brzezinski, Genik, and Warra to violate Plaintiff's civil rights, Plaintiff has brought forward no evidence of any such policy or custom on the part of Defendant City of Livonia. While alleging that such a policy existed may have stated a claim for § 1983 liability sufficient to withstand a Rule 12(b)(6) motion to dismiss against Defendant City of Livonia, Plaintiff may not rely "merely on allegations" without setting forth "specific facts showing a genuine issue for trial" to survive a motion for summary judgment. *See* Fed. R. Civ. P. 56(e)(2). Plaintiff has not produced any evidence, as required by Federal Rule

of Civil Procedure 56, to show the existence of any policy or custom, nor has Plaintiff been able to show a sufficient link between a policy or custom and the actions and alleged constitutional violations by individual Defendants.  *See McCoig v. Jefferson City, Tenn.*, 73 F.3d 362, 1995 WL 758475, *2 (6th Cir. Dec. 21, 1995).  Accordingly, the court will grant Defendants' motion for summary judgment with respect to Defendant City of Livonia.

### IV.  CONCLUSION

IT IS ORDERED that the "Motion to Dismiss and/or for Summary Judgment" [Dkt. # 91], filed by Defendants Robert B. Brzezinski, Robert Genik, Ronnie Warra, and the City of Livonia is GRANTED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 26, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 26, 2009, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522