**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LINDA McCORMICK,

    Plaintiff,

v.                                                 Case No. 08-CV-10075

ROBERT BRZEZINSKI, et al.,

    Defendants.

_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S "MOTION FOR RECONSIDERATION"**

Pending before the court is a "Motion for Reconsideration," filed by Plaintiff Linda McCormick on June 5, 2009. In her motion, Plaintiff requests a "rehearing" in order "to correct serious mistakes" in the court's May 26, 2009 order granting the motion to dismiss filed by Defendants Robert B. Brzezinski, Robert Genik, Ronnie Warra, and the City of Livonia. Having reviewed Plaintiff's brief in this matter, the court concludes that no hearing or response is necessary. *See* E.D. Mich. LR 7.1(g)(2). For the reasons stated below, the court will deny Plaintiff's motion.

**I. STANDARD**

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing

*United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## II.  DISCUSSION

In her motion, Plaintiff primarily asserts that the court did not properly apply the standard of review in its March 26, 2009 order.  Plaintiff also argues that Defendant Brzezinski violated her constitutional rights and that he acted in complete absence of all jurisdiction.  Finally, Plaintiff attempts to allege new facts and claims not included in her complaint or briefs in opposition to Defendants' motion to dismiss.

In particular, Plaintiff asserts "[i]t appears from the court's statements, that it accepted the unsupported hearsay of counsel Roberts and did not view the evidence in the light most favorable to the non-moving Plaintiff."  (Pl.'s Mot. at 2.)  Plaintiff appears to assert that the court's consideration and description of a state court hearing transcript, that Plaintiff attached to her complaint, should not have been considered by the court.  However, Plaintiff's contentions amount to nothing more than reargument of the "issues already ruled upon by the court."  E.D. Mich. LR 7.1(g)(3); *Czajkowski, P.C.,* 967 F. Supp. at 952.  Such arguments are not properly brought in a motion for reconsideration or rehearing.  *See id.*  Nor has Plaintiff "demonstrate[d] a palpable defect by which the court and the parties have been misled," the correction of which would "result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(1).

Second, Plaintiff also presents arguments regarding Defendant Brzezinski's alleged constitutional violations of Plaintiff's rights.  She asserts that "Plaintiff's entire

2

Verified Complaint set forth [that Defendant] acted in completed absence of jurisdiction which must be taken as true." (Pl.'s Mot. at 5.)  At most, Plaintiff has raised reasons that Defendant Brzezinski's decision was incorrect; however, these assertions by Plaintiff also constitute nothing more than reargument of the "issues already ruled upon by the court."  E.D. Mich. LR 7.1(g)(3); *Czajkowski, P.C.,* 967 F. Supp. at 952.  This court found in its May 26, 2009 order that Defendant Brzezinski was entitled to judicial immunity, that he did not act "in the clear absence of jurisdiction," and thus, he was immune from suit for any constitutional violation for actions done in his judicial capacity. (5/26/09 Order at 8-9.)  Plaintiff has not "demonstrate[d] a palpable defect by which the court and the parties have been misled," the correction of which would "result in a different disposition of the case" with respect to this argument.  E.D. Mich. LR 7.1(g)(3).

Finally, Plaintiff also attempts to state additional facts regarding Defendant Warra's fingerprinting of her and to raise new claims of liability against Defendant City of Livonia regarding its care of her while she was in its custody and its duty to protect her from Defendant Leosh.  However, a motion for reconsideration or rehearing is not the proper vehicle for bringing such claims.  The court has already ruled on the liability of Defendants Warra and City of Livonia in its May 26, 2009 order.  *See* E.D. Mich. 7.1(g)(3).  In addition, Plaintiff has not "demonstrate[d] a palpable defect by which the court and the parties have been misled," the correction of which would "result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  Plaintiff merely attempts to add new facts, and a new claim, that she should have alleged in her complaint or presented in opposition to Defendants' motion.  Plaintiff has not met the requirements

for a motion for reconsideration or rehearing, and therefore the court will deny Plaintiff's motion.[1]

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Motion for Reconsideration" [Dkt. # 113] is DENIED.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated:  June 24, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 24, 2009, by electronic and/or ordinary mail.

        s/Lisa G. Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522

---

[1] Plaintiff also requests "declaratory relief for the return [of] Plaintiff's fingerprint records and photos." (Pl.'s Mot. at 6.)  Plaintiff, however, has proffered no authority, nor is the court aware of any, by which the court may order such relief.