UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA McCORMICK,

    Plaintiff,

v.                                                                                  Case No. 08-10075

ROBERT BRZEZINSKI, et al.,

    Defendant.
                                     /

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION**

Pending before the court is pro se Plaintiff Linda McCormick's motion for reconsideration of the court's August 31, 2009 order granting in part and denying in part Defendant Robert Leosh's motion for summary judgment. In that order, the court granted summary judgment to Defendant Leosh on Plaintiff's deliberate indifference to medical needs claim, and denied summary judgment on Plaintiff's excessive force claim. Pursuant to Eastern District of Michigan Local Rule 7.1(g), Plaintiff asks the court to reconsider its opinion and order concerning the deliberate indifference claim.

**I. BACKGROUND**

The court has already set out the operative facts of this case in its August 31, 2009 order. Accordingly, only a rough outline of the facts of this case is merited. Although it is not disputed that Defendant Leosh transported Plaintiff from the Livonia city jail to the Isabella County Sheriff's Department ("ICSD"), what happened during transportation is the core of the dispute. Plaintiff maintains that, before loading her into the transport van, Defendant Leosh for no particular reason "repeatedly body slamme[d]

her against the van," and "punched her . . . in the lower back more than once and kicked the back of her knee." (Pl.'s Resp. Br. to Def.'s Mot. for Summ. J. 17.) Plaintiff was then driven to ICSD, a trip that took several hours. (Compl. ¶ 41.) According to Plaintiff, after the trip she could not walk on her own, and had to be helped inside the ICSD.[1] Plaintiff also alleges that when they arrived at ICSD she informed Defendant Leosh that she was badly injured.[2] (Pl.'s Resp. to Def.'s Mot. for Summ. J. 17.) When booked at the ICSD, she refused to answer any questions, including whether she needed medical attention. (Def.'s Resp. Ex. 2.) The booking officer noted that Plaintiff "walked slow" and could not lift her legs well. (Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. A.)

## II. STANDARD

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest,

---

[1] Plaintiff claims in her brief that she was "unable to walk," (Pl.'s Mot. Br. 2.), asserting in her affidavit that she "tried to walk but could not." (Pl.'s Resp. to Def.'s Mot. for Summ. J. 17.) She claims further that she was "helped . . . inside" the ICSD. *Id.* The ICSD intake form indicates that Plaintiff appeared to have some kind of difficulty walking, rather than not being able to walk at all. Plaintiff's assertion of utter "paralysis" seems to stand alone.

[2] In the court's previous order it found that Plaintiff informed no one about the nature of her injuries. Plaintiff maintains in her motion for reconsideration that she informed Defendant Leosh when they arrived at the ICSD. The record is equivocal on this point. The court will assume that Plaintiff did inform Defendant Leosh, a fact that does not result in a different disposition of the motion.

or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

### III. DISCUSSION

Plaintiff has failed to meet the standard for reconsideration. In granting Defendant Leosh's summary judgment on the deliberate indifference claim the court reasoned:

> To plead an Eighth Amendment violation for lack of medical care, a plaintiff must show "deliberate indifference to [the] serious medical needs of prisoners [that] constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153 (1976)). An Eighth Amendment violation includes (1) an objective element of "serious medical need," and (2) a subjective element of "deliberate indifference" by the treating professional. *See id.* Plaintiff alleges that her injuries were so obvious that Defendant should have known and recognized that she needed medical treatment. However, Plaintiff does not plead sufficient facts to show that Defendant exhibited "deliberate indifference" toward Plaintiff's "serious medical need." *See Estelle*, 429 U.S. at 104.
>
> "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004)); *see also Dodson v. Wilkinson*, No. 06-4136, 2008 WL 5378017, at *5 (6th Cir. Sept. 24, 2008) (finding that despite complaints of low blood sugar, stomach pains, asthma, ulcers, irritable bowel syndrome, allergies, and dizzy spells, plaintiff had not shown a "serious medical condition," even though these were symptoms of the Hepatitis C virus). While the court does not take such claims of pain and discomfort lightly, Plaintiff's claims do not meet the objective criteria for stating an Eighth Amendment claim for "serious medical need" because she conclusorily states she was in "obvious pain." (Pl.'s Aff. ¶ 13 .) Merely alleging "obvious pain" does not satisfy the objective requirement of "serious medical need." *See Estelle*, 429 U.S. at 104 (quoting *Gregg*, 428 U.S. 153). While Plaintiff further states in her affidavit that she "had muscle spasm[s] the entire night, pain and could not urinate" (Pl.'s Resp. Aff. ¶ 14), and provides medical records showing that she suffered from a back strain and bruising (Def.'s Mot. Ex. 3 at 4; see also Pl.'s Ex. D), these factual allegations are also insufficient to establish

an objectively "serious medical need" such that it gives rise to a violation of the Eighth Amendment. *See Murphy v. Grenier*, No. 07-CV-15248, 2009 WL 1044832, at *5 (E.D. Mich. Apr. 20, 2009) (finding that back pain and muscle spasms do not constitute a "serious medical need" when the plaintiff is nonetheless able to walk) (citing *Blackmore*, 390 F.3d at 897). Plaintiff never alleges that she informed anyone at ICSD of her pain, and the discomfort Plaintiff alleges are unlikely to be visible to any onlooker such that "'even a lay person would easily recognize the necessity for a doctor's attention.'"[3] *Harrison*, 539 F.3d at 518 (quoting *Blackmore*, 390 F.3d at 897).

As the second, subjective component to prove an Eighth Amendment violation, a plaintiff must demonstrate "deliberate indifference" in addition to "serious medical need" in order to overcome a motion for summary judgment. *See Estelle*, 429 U.S. at 104. This subjective component requires Plaintiff to show that Defendant "possessed 'a sufficiently culpable state of mind in denying medical care' . . . greater than mere negligence." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005) (quoting *Blackmore*, 390 F.3d at 895). Indeed, as Plaintiff correctly states, "deliberate indifference" means at least "criminal recklessness, which requires a subjective showing that the defendant was aware of the risk of harm." *Sanderhofer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

After Defendant transported Plaintiff to ICSD, Plaintiff was examined there by Officer Morlock. (Pl.'s Resp. at 16.) Officer Morlock recorded that Plaintiff "walks slow and can't lift legs very well," but Officer Morlock did not record any further signs of injury, bleeding, or obvious trauma or illness. (Pl.'s Resp. Ex. A; Def.'s Mot. Ex. 2.) Nor does Plaintiff allege that she told anyone about her pain. Indeed, Officer Morlock stated in the report that Plaintiff was "non-talkative" and "uncooperative." (Pl.'s Resp. Ex. A; Def.'s Mot. Ex. 2.) Plaintiff provides no factual allegations that anyone knew that she was injured or that Defendant "was aware of the risk of harm." *Sanderhofer*, 62 F.3d at 154 (citing *Farmer*, 511 U.S. at 837). Other than Defendant, Plaintiff does not direct these allegations toward any other named Defendant in the case. Plaintiff appears to allege that those responsible for treating prisoners at ICSD jail were deliberately indifferent. No such individuals are named in Plaintiff's suit. Because Plaintiff cannot show a "genuine issue of material fact" as to her claim for deliberate indifference, the court will grant Defendant's motion on this issue.

---

[3] The objective component to a deliberate indifference to medical needs claims requires not only a "serious medical condition," but also that the "need was not addressed within a reasonable time frame." *Blackmore*, 390 F.3d at 900.

4

*McCormick v. Brzezinski*, No. 08-10075, 2009 WL 2849098, *6 (E.D. Mich. Aug. 31, 2009).

Plaintiff's brief in support of her motion for reconsideration is difficult to interpret, but she nevertheless raises some issues meriting attention. She states that "[a]nyone seeing someone can't walk, especially after beating them, knows there is a serious injury and would easily recognize the need to call an ambulance." (Pl.'s Mot. Br. 3-4.) Plaintiff's statement that "anyone . . . would easily recognize the need to call an ambulance," restates the "layperson" standard that supports the objective prong of a deliberate indifference claim. Plaintiff argues that knowledge of the injury's cause should be factored into the layperson calculus where, as here, Defendant knew or should have known of that cause. Notably absent from the court's objective-prong analysis in its previous opinion is mention of knowledge of Plaintiff's injury's cause. Accordingly, the omission of this fact from the court's analysis could be a defect by which the court was misled.

Even assuming, however, that knowledge of an injury's cause should be considered in the objective-prong analysis, granting Plaintiff's motion is unwarranted because correction of the "defect" would not result in a different disposition. For clarity, it is useful to separate Plaintiff's deliberate indifference to medical needs claim as covering two distinct time periods: (1) the failure to provide medical attention after she was allegedly assaulted and before she was booked at the ICSD; and (2) failure to provide medical care following her booking.

Considering the first time period, according to Plaintiff's allegation, there were no outward manifestations of injury until after the parties arrived at ICSD—this is when she

5

allegedly told Defendant Leosh that she was badly injured and this is when she first alleges that she had trouble walking. Accordingly, a layperson with all of the knowledge that Defendant Leosh had or should have had, would know only that Plaintiff was beaten in the manner alleged by Plaintiff. This is not enough to establish the objective prong of a deliberate indifference claim. In *Hubbard v. Gross*, 199 F. App'x 433 (6th Cir. 2006), plaintiff Hubbard claimed—using the same curious term Plaintiff McCormick selected—to have been "body-slammed" and injured. *Hubbard* at 435. The affray undeniably broke Hubbard's hand, causing it to become quite swollen. *Id.* at 438. Hubbard asked for medical care numerous times and complained of extreme pain. *Id.* Hubbard's claim was that a two-hour delay in getting medical attention after his injury constituted deliberate indifference to his medical needs. The *Hubbard* court held that, even in face of the officers' denials of specific knowledge, there was enough evidence to support a jury finding that Hubbard's injury was "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* The *Hubbard* court, however, went on to hold that the objective prong was not met because Hubbard failed to show that his "need was not addressed within a reasonable time frame." *Id.* Here, Defendant Leosh's decision to take Plaintiff to the ICSD rather than, perhaps, diverting from the route to seek more immediate medical attention resulted in a delay similar to that in *Hubbard*, something on the order of hours. The cause of the alleged injuries was also similar—being "body-slammed"—although the assault described by Plaintiff here is more severe, including several body slams, kicks, and punches. But here, unlike in *Hubbard*, there were no outward manifestations of injury to Plaintiff before she arrived at the ICSD. Accordingly, if the delay in *Hubbard*, involving clearly-observed physical

manifestations, did not suffice for proof of deliberate indifference, then the delay here, with an absence of injury manifestations, likewise does not establish the objective prong and cannot show deliberate indifference.

Regarding the second time period, Plaintiff's claim is that Defendant Leosh's failure to attend to her need for medical attention when they arrived at ICSD amounts to deliberate indifference to her medical needs.[4]  For this time period, the objective-prong analysis is a closer call, because at this point Plaintiff alleges that she had trouble walking and that she complained of her injuries.  Plaintiff's deliberate indifference claim still founders on the objective prong.

The court first addresses whether a reasonable jury could find that a lay person in Leosh's position, knowing that Plaintiff had been repeatedly body-slammed, repeatedly punched in the back, and kicked in the knee, and knowing that Plaintiff was having difficulties walking and lifting her legs, and having had Plaintiff complain to him of

---

[4]  Aside from failing to establish the objective-prong element, as discussed below, Plaintiff's claim concerning this time period is also vulnerable to attack because of lack of causation.  Plaintiff's claim must be that Defendant Leosh should have informed the booking officer of her injuries, and that this resulted in the denial of medical attention. "[A] public official is liable under § 1983 only if he causes the plaintiff to be subjected to a deprivation of his constitutional rights." *Mckinley v. City of Mansfield*, 404 F.3d 418, 438 (6th Cir. 2004) (citations and quotations marks omitted).  Section 1983 causation should be "read against the background of tort liability that makes a man responsible for the natural consequences of his actions." *Id.* (citations and quotation marks omitted). Even assuming that Defendant Leosh's failure to inform the booking officer of Plaintiff's injuries was a but-for cause of the denial, the failure to inform was not the proximate cause of the denial.  Plaintiff's failure to mention her injuries during the booking process was an intervening cause.  Because it is not foreseeable that a prisoner would refuse to respond to a booking officer's inquiries regarding the prisoner's physical condition under these circumstances, Plaintiff's own failure to inform the booking officer of her injuries was a superceding cause.

7

injury, would recognize a need to seek medical attention. The answer, not surprisingly, is that a reasonable jury could make this finding.

The court, however, remains of the view that Plaintiff has failed to produce sufficient evidence to establish the objective prong of her deliberate indifference claim, because no reasonable jury could find that the delay in receiving medical treatment was unreasonable. Plaintiff arrived at ICSD at around 8:00 p.m. on January 4, 2006; she was released from custody on January 5, and received medical attention that evening. (Pl.'s Resp. to Def's Mot. for Summ. J. Exs. B & D.) Accordingly, the delay was around twenty-four hours. Even considering the alleged cause of Plaintiff's injuries, the objective manifestations indicated only leg and back strain or bruising. And while a reasonable jury could find that, especially in light of the alleged cause of the injuries, a doctor's attention was needed, it could not find that delaying that attention for twenty-four hours is unreasonable. A claim of deliberate indifference requires that Plaintiff was "incarcerated under conditions posing *a substantial risk of serious harm.*" *Farmer*, 511 U.S. at 834. Plaintiff has not met her burden to show that she was ever exposed to "a substantial risk of serious harm." *Cf. Harris v. City of Circleville*, 583 F.3d 356, 368 (6th Cir. 2009) (one and a half hour delay unreasonable where plaintiff could not move, cried out "you broke my neck," and asked officers to stop shocking him even though they were not).

## IV. CONCLUSION

Plaintiff has therefore failed to establish the objective prong[5] of a deliberate indifference to medical needs claim. Accordingly,

IT IS ORDERED that "Plaintiff's Motion for Rehearing and to Correct Substantial Errors of Fact Contained in the Court's Opinion upon which the Decision is Based" [Dkt. # 123] is DENIED.

                                                                s/Robert H. Cleland
                                                                ROBERT H. CLELAND
                                                                UNITED STATES DISTRICT JUDGE

Dated: November 17, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 17, 2009, by electronic and/or ordinary mail.

                                                               s/Lisa Wagner
                                                               Case Manager and Deputy Clerk
                                                               (313) 234-5522

---

[5] In the court's previous opinion it reasoned that Plaintiff had failed to established the subjective prong of a deliberate indifference claim. The court concentrated on the nature of Plaintiff's injuries as perceived by the booking officer, and that "Plaintiff provides no factual allegations that anyone knew that she was injured or that Defendant 'was aware of the risk of harm.'" (8/31/09 Order.) On reconsideration, the court views Plaintiff's showing of the subjective prong as sufficient to withstand summary judgment. According to Plaintiff's allegations, when Defendant Leosh arrived at the ICSD he knew the cause of her injuries, that she had trouble walking and lifting her legs, and that she had complained about injury. This knowledge is enough to allow a jury to find that Defendant Leosh was "both of aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [that he] also dr[ew] that inference." *See Farmer*, 511 U.S. at 834. But, as discussed above, Plaintiff's claim fails on the objective prong—the delay was not unreasonable. *See, e.g.*, *Hubbard*, 199 F. App'x at 437-38 (subjective component met where officers knew injury's cause and observed swelling, but objective component was not met because two-hour delay was reasonable).