**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LINDA McCORMICK,

    Plaintiff,

v.                                      Case No. 08-10075

ROBERT BRZEZINSKI, et al.,

    Defendant.
                                        /

**ORDER DIRECTING PARTIES TO AVOID EX PARTE CONTACT WITH THE COURT**

On December 9, 2009, following an on-the-record status conference, and a chambers settlement discussion off the record with both parties, Plaintiff telephoned court staff to ask if she was permitted to continue settlement talks with Defendant without the court's supervision. She was told that, of course, she could continue settlement talks without court supervision. On December 10, 2009, Plaintiff again telephoned court staff alleging that defense counsel and his staff would no longer communicate with Plaintiff.

Due to Plaintiff's pro se status, it is perhaps unsurprising that she finds it helpful to ask court staff numerous questions concerning her case. Where these questions concern only the "nuts and bolts" of her case, e.g., how a particular paper should be formatted or submitted to the court or how the court conducts jury selection, they are not improper. Too often, however, Plaintiff's questions and allegations touch on substantial questions or seek remedies against Defendant. The court understands that the distinction between the two may be difficult for a pro se plaintiff.

Nevertheless, Plaintiff's pattern of questions and allegations poses two problems. Frequently, Plaintiff's question is one that, in essence, seeks legal advice.  The court cannot and will not provide such advice to Plaintiff.  The second issue, and perhaps the more serious one, is that many of Plaintiffs questions or allegations constitute or border on attempts to improperly communicate *ex parte* with the court.  The problem is exacerbated because Plaintiff, apparently, has no telephone and the court is not able to initiate telephone conferences on its own—instead it must wait for communications from Plaintiff.

For example, Plaintiffs' recent allegation that defense counsel refuses to communicate with her, if it were true, would mean that defense counsel is not following the court's orders.  The court has, on numerous occasions, instructed Plaintiff and defense counsel to work together cooperatively to settle several logistical aspects of trial preparation.  Refusing to do so, and refusing to communicate with Plaintiff would violate the court's instruction.  The court, unfortunately, cannot address this alleged problem because it cannot reach Plaintiff by telephone and thereby initiate a conference with both parties.  Accordingly,

IT IS ORDERED that Plaintiff is DIRECTED to avoid *ex parte* communications with the court on matter of substance, but rather to contact the court in such matters principally to request a telephone or in-person conference to include Defendant.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  December 11, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 11, 2009, by electronic and/or ordinary mail.

                                       s/Lisa Wagner
                                       Case Manager and Deputy Clerk
                                       (313) 234-5522