# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LINDA McCORMICK,

    Plaintiff,

v.                                              Case No. 08-10075

ROBERT BRZEZINSKI, et al.,

    Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S
## MOTION FOR RECONSIDERATION

Pending before the court is pro se Plaintiff Linda McCormick's motion for reconsideration of the court's April 13, 2010 order enforcing settlement. On April 28, 2010, Plaintiff filed an "Amendment to Motion for Rehearing." Pursuant to Eastern District of Michigan Local Rule 7.1(g), Plaintiff asks the court to reconsider its opinion and order enforcing the oral settlement between Plaintiff and Defendant Leosh. For the reasons stated below, the court will deny Plaintiff's motion.

## I. BACKGROUND

On December 18, 2009, the court entered an order of conditional dismissal based on an on-the-record settlement entered into by the parties. In that order, the court specified that the dismissal was without prejudice to the right of the parties to file a motion, on or before March 15, 2010, to vacate the conditional dismissal order and to reinstate the case to enforce the settlement. On January 17, 2010, after receiving an unfavorable ruling on her motion to seal the settlement transcripts, Plaintiff filed a notice of appeal. On February 8, 2010, Plaintiff filed a motion to reinstate the case; Defendant

Leosh filed a cross-motion to reinstate the case on February 25, 2010. Plaintiff filed a motion with the Sixth Circuit requesting that her appeal be held in abeyance until her motion to reinstate the case, which had yet to be filed with this court, was resolved. Defendant Leosh concurred. On February 4, 2010, the Sixth Circuit held Plaintiff's appeal in abeyance "pending the disposition of . . . [p]ossible settlement negotiations." Defense counsel notified this court of the Sixth Circuit's action via letter, which was also sent to Plaintiff. On April 14, 2010, the court denied Plaintiff's motion to reinstate the case, and granted in part Defendant Leosh's motion to reinstate the case. In the April 14, 2010 Order the court reinstated the case for the purposes of enforcing the parties' oral settlement agreement and vacated the conditional dismissal order. In a separate order, the court dismissed this case with prejudice.

## II. STANDARD

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

## III. DISCUSSION

Plaintiff raises four arguments in her motion for reconsideration. First, she argues that the any settlement is unenforceable because "it is axiomatic that under Michigan contractual law that anyone has a three day time period in which to cancel the

2

contract," and she canceled within three days. (Pl.'s Mot. Br. 2.) Plaintiff cites no law, and the court is aware of none, in support of her three-day rule. Accordingly, her argument is rejected.

Second, Plaintiff argues that the court coerced her into settling and the agreement is therefore unenforceable. She argues that "she was coerced because of several statements the Court made to her firmly indicated the Court's mind had already formed a predetermined opinion and as a result the Plaintiff would not get an objective trial." (Pl.'s Mot. Br. 2.) As is typical in this court's settlement discussions, after agreement from both parties to speak with them ex parte, the court discussed with both parties the strengths and weaknesses of their case as well as the risks that attend going to trial. But the court specifically stated to Plaintiff that this opinion was based upon its experience, and that if she desired she could proceed to present her case to a jury. The court expected that Plaintiff would discern that this would result in what she terms an "objective trial." Moreover, the court stressed that its opinion of her likelihood of success would have no effect on her right to a fair trial, because it would be a jury, not the court, which would decide whether she prevailed. Accordingly, the court's expression of its opinion as to the strength of her case was typical of the expressions made by a third-party neutral attempting to facilitate a settlement. The court's statements were not intended as or reasonably construed as coercive and her motion based on this point must be rejected.

Third, Plaintiff argues that the court erred in rejecting her claim of misrepresentation. She argues that the court "missed the point" because "Plaintiff argued and proved there was a confidentiality agreement between the Plaintiff and

3

[defense counsel] not the county." (*Id.* at 3.)  Plaintiff's argument fails for two reasons: (1) defense counsel never entered into an enforceable agreement with Plaintiff (Settlement Tr. 10); and (2) even assuming that defense counsel entered into a binding agreement with Plaintiff to not take "proactive steps" to disclose the settlement, he did not breach any such agreement.  Plaintiff argues that the proactive step that defense counsel took to disclose the settlement amount was ordering a transcript of the settlement conference.  But defense counsel only ordered the transcript when efforts to memorialize the settlement stalled.  Accordingly, there is no indication that defense counsel took proactive steps to reveal the settlement amount.

Fourth, Plaintiff argues that the court erred when it reasoned that Defendant was required by law to report Plaintiff's settlement to the IRS using a 1099 form.  But even assuming that this was a defect by which the court was misled, Plaintiff's argument fails because it would not change the disposition of the motion.  Here, the enforced settlement was oral, and there was no indication as to whether Defendant would file a 1099 form and to what extent the payments would be for physical injuries or sickness.  Because the term was absent from the oral settlement agreement the court leaves the decision to file a 1099 with the payor, the party who typically decides whether to file the form and the party who is subject to penalties should it incorrectly decide not to file the form.[1]  If Plaintiff ultimately disagrees with Defendant's estimation, then it is an issue

---

[1]The court expects Defendant to make this determination in good faith.  The court notes that payors need not file 1099 forms for settlement proceeds which are excluded from gross income under 26 U.S.C. § 104(a)(2).  *See* 26 C.F.R. § 1.6041-1.  Under § 104(a)(2) settlement proceeds paid "on account of personal physical injuries or physical sickness" are excluded.  Further, Defendant's proposed written memorialization of the settlement states that the settlement proceeds are "within the meaning of § 104(2)(a)" and that whether to file a 1099 form is a matter within Defendant's discretion.

4

that Plaintiff must take up with the IRS, and if she is unsatisfied with IRS's determination, she may seek the relief afforded her by federal law. Accordingly, Plaintiff will still be required to produce her social security number to defense counsel. Defense counsel is, of course, responsible for ensuring that Plaintiff's social security number is adequately protected from unnecessary dissemination.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Rehearing . . ." [Dkt. # 171] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Amendment to Motion for Rehearing . . ." is DENIED [Dkt. # 172].

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: May 21, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 21, 2010, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\08-10075.McCormick.Deny.Reconsideration.Enforce.Settlement.bsc.2.wpd

5